Charles A. Loreto, J.
Plaintiff has brought this action to enjoin defendant Brown from breaching’ his agreement with plaintiff to produce phonograph recordings exclusively for plaintiff, and restraining the defendants from producing, distributing and selling Brown’s recordings.
Plaintiff moves for a preliminary injunction. Defendants Brown and Fair Deal cross-move for a stay of proceedings pending arbitration.
Defendants challenge the validity and enforcibility of plaintiff’s contract with Brown. It is urged, in support of the cross motion, that both plaintiff and Brown were, at the time of the contract between them, members of the American Federation of Musicians (AF of M). It is asserted that Brown as a musician was covered and entitled to the benefits of the AF of M constitution and by-laws.
It is further asserted that under plaintiff contractual relationship with the AF of M, it is required to submit and obtain the approval of the AF of M of any recording contract made with one of its members.
*184 Plaintiff states that it engaged the services of Brown as a vocalist and not as a musician and hence was not required to have its recording contract with Brown approved hy the AF of M.
The issues cannot be resolved until it is determined as fact that Brown contracted as and was a musician covered by the AF of M and as a member of AF of M. While a member of the union he could obtain arbitration only through the action of the union, yet he may seek a stay of proceedings in an action upon a claim or dispute which plaintiff has agreed to arbitrate. In the situation here the enforcibility of the agreement as a contract providing for arbitration accorded to a member of AF of M must rest on the question whether at the time of the contract Brown was actually engaged as a musician and recorded as such.
Accordingly, the cross motion requires the trial of those issues. As to the defendant Fair Deal, the cross motion must be denied for it is not a contracting party with the plaintiff.
The defendant Brown also contends that the letter agreement of June 23,1960, supplemented by a further letter agreement of November 23, 1961 are unenforcible and against public policy since it constitutes a servitude. The duration of the original agreement was extended by the supplemental agreement for an additional three years contingent on Brown discharging obligations incurred by him pursuant to the supplemental agreement. The duration of the contract is made dependent upon payment of a debt and not by virtue of the mutual covenants of the parties independent of the debt. As a result, the duration is extended beyond the five-year period of the original letter agreement by a period equivalent to the period of indebtedness. The original agreement has not expired and will run to June 22, 1965.
Any additional period involved by reason of the supplemental contract and resulting from the indebtedness should be regarded as severable, if unlawful, and the contract otherwise survives. In this posture, therefore, plaintiff has an onforcible contract and a dispute which as to Brown is arbitrable if at the time of the contract Brown was a musician covered by reason of AF of M membership.
Plaintiff has not established a clear legal right to the drastic relief sought or such irreparable injury as would warrant such relief.
■ Plaintiff’s motion is denied. The cross motion of Fair Deal is also denied, and as to Brown, it should be granted for trial of the issues as indicated. ■ ;